IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUAN JOSE WOOD, JR., :
:
    Petitioner :
: CIVIL NO. 4:CV-09-0900
:
v. : (Judge McClure)
:
DEPARTMENT OF HOMELAND :
SECURITY, :
:
    Respondent :

## **MEMORANDUM**

May 20, 2009

Petitioner Juan Jose Wood, Jr., an inmate presently confined at the Low Security Correctional Institution at Allenwood ("LSCI Allenwood") in White Deer, Pennsylvania, initiated this *pro se* action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner also has filed an "Emergency Motion Requesting a Temporary Restraining Order." (Record document no. 3.) Because the Court lacks jurisdiction to hear the action, the Court will transfer the case to the Third Circuit Court of Appeals.

## **Background**

Petitioner is scheduled to complete a federal sentence for a drug trafficking conviction on May 20, 2009. (*See* Record document no. 1 at 4.) Petitioner was born

in the Panama Canal Zone in 1970. (*See id.*; Record document no. 1-2 at 4.) On or about July 24, 2008, Petitioner filed an Application for Certificate of Citizenship in which he claimed to be a United States citizen by virtue of his birth in the Panama Canal Zone pursuant to section 303(a) of the Immigration and Nationality Act ("INA"). (*See* Record document no. 1-2 at 4.) His Application was denied on September 18, 2008 on the basis that his mother was not a United States citizen at the time of his birth, and thus he did not qualify for an automatic conferral of citizenship under section 303(a) of the INA. (*See id.*) Petitioner's Motion to Reconsider was denied on October 3, 2008. (*See id.* at 4-6.) On March 18, 2009, the United States Citizenship and Immigration Services Office of Administrative Appeals dismissed Petitioner's appeal after concluding that Petitioner did not acquire United States citizenship at birth under the INA. (*See id.* at 13-15.) Petitioner states that he filed a further appeal on March 18, 2009 to the United States Citizenship and Immigration Services Office but did not receive a ruling on that appeal. (*See* Record document no. 1 at 5.)

On May 7, 2009, Petitioner was served with a Notice of Intent to Issue a Final Administrative Removal Order stating that he is deportable pursuant to § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in § 101(a)(43) of the INA, 8 U.S.C. § 1101(a)(43).

On May 12, 2009, Petitioner filed the instant petition in which he argues that he is entitled to United States citizenship as a result of his birth in the Panama Canal Zone in 1970.  (*See* Record document no. 1 at 7-9.)  He requests that this Court grant his "Petition for citizenship" and prevent the United States Immigration and Customs Enforcement ("ICE") Office and Department of Homeland Security from removing him from the United States.  (*See id.* at 9.)

On May 19, 2009, Petitioner filed an "Emergency Motion Requesting a Temporary Restraining Order."  (Record document no. 3.)  In his motion, Petitioner requests that this Court enjoin ICE and the Department of Homeland Security from deporting him until his petition filed here on May 12, 2009 is heard.  (*See id.* at 4.)

**Discussion**

Federal courts are courts of limited jurisdiction, and thus have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993), *cert. denied sub nom., Upp v. Mellon Bank, N.A.*, 510 U.S. 964 (1993).  In fact, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*.

*Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999); *see generally Nelson v. Keefer*, 451 F.2d 289, 293-95 (3d Cir. 1971) (finding that the federal judiciary has been too cautious in addressing the large number of cases which do not belong in federal courts).

The Court lacks jurisdiction to entertain the instant petition. Petitioner seeks to challenge the determinations by the Department of Homeland Security that he is not entitled to a Certificate of Citizenship and that he is subject to removal from the United States because he was convicted of an aggravated felony. The REAL ID Act, of 2005 provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision" of the Act. 8 U.S.C. § 1252(a)(5). Accordingly, "the [habeas corpus] process is no longer available to any alien, criminal or otherwise, seeking to challenge his or her removal." *Kolkevich v. Attorney General of the United States*, 501 F.3d 323, 329 (3d Cir. 2007). In *Kolkevich*, the Third Circuit Court of Appeals clarified that, under the REAL ID Act, petitions for review, filed with the courts of appeals within the first thirty (30) days after issuance of an order of removal, are the sole vehicle whereby aliens can challenge their removal.

Under federal law, "[w]henever a civil action is filed in a court . . . or an appeal,

4

including a petition for review of an administrative action, is noticed for or filed with such court and the court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Because Petitioner seeks to challenge his actual removal from the United States, this action originally should have been filed in the Third Circuit Court of Appeals. Because the Notice of Intent to Issue a Final Administrative Removal Order provides that Petitioner only has thirty (30) calendar days to file a petition for review, the interest of justice requires that the instant petition be transferred to a court with the authority to review it without forcing Petitioner to re-file the case. The Court therefore will order that the petition and "Emergency Motion Requesting a Temporary Restraining Order" be transferred to the Third Circuit Court of Appeals. An appropriate Order follows.

   s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN JOSE WOOD, JR., | : |
| Petitioner | : |
| | : CIVIL NO. 4:CV-09-0900 |
| v. | : (Judge McClure) |
| DEPARTMENT OF HOMELAND SECURITY, | : |
| Respondent | : |

**ORDER**

May 20, 2009

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus (Record document no. 1) is **DISMISSED** for lack of subject matter jurisdiction.

2. The Clerk of Court is directed to **TRANSFER** the instant petition for writ of habeas corpus (Record document no. 1) and "Emergency Motion Requesting a Temporary Restraining Order" (Record document no. 3) to the United States Court of Appeals for the Third Circuit.

3. The Clerk of Court is directed to **CLOSE** this case in this Court.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge